**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 17-2021**

─────────────

MYRA TYLER,

                    Petitioner,

       v.

MAIN INDUSTRIES, INCORPORATED; SIGNAL MUTUAL INDEMNITY
ASSOCIATION, LIMITED, c/o Abercrombie, Simmons, & Gillette; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

                    Respondents.

─────────────

On Petition for Review of an Order of the Benefits Review Board.  (17-0106)

─────────────

Submitted:  March 29, 2018                         Decided:  April 2, 2018

─────────────

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Myra Tyler, Petitioner Pro Se.  Frank Nash Bilisoly, W. Thomas Chappell, Brian Louis
Sykes, Kimberly Herson Timms, VANDEVENTER BLACK, LLP, Norfolk, Virginia, for
Respondents Main Industries, Incorporated and Signal Mutual Indemnity Association,
Limited.  Betty English, Jeffery Steven Goldberg, Mark A. Reinhalter, Office of the
Solicitor General, Maia Simone Fisher, Washington, D.C., Theresa Magyar, UNITED
STATES DEPARTMENT OF LABOR, Jacksonville, Florida, for Respondent Director,

Office of Workers' Compensation Programs, United States Department of Labor.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myra Tyler petitions for review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) dismissal of her request for a modification of a prior order denying her claim for benefits under the Longshore and Harbor Workers' Compensation Act. *See* 33 U.S.C. §§ 901-950 (2012). The ALJ found that Tyler's request for a modification was untimely, and the Board concluded that the ALJ's decision was rational, supported by substantial evidence, and in accordance with law.

"We review the Board's decision for errors of law and to determine whether the Board adhered to its standard of review. The Board's standard of review requires that the ALJ's findings of fact be considered conclusive if supported by substantial evidence in the record considered as a whole." *Metro Mach. Corp. v. Dir., Office of Workers' Comp. Programs*, 846 F.3d 680, 687 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted).

Our review of the record discloses that the Board's decision is based upon substantial evidence and is without reversible error. *See* 33 U.S.C. § 922; *Wheeler v. Newport News Shipbuilding & Dry Dock Co.*, 637 F.3d 280, 286-87 (4th Cir. 2011). Accordingly, we deny Tyler leave to proceed in forma pauperis and deny the petition for review for the reasons stated by the Board. *Tyler v. Main Indus., Inc.*, No. 17-0106 (B.R.B.

3

Aug. 15, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*